UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER DESHAWN SPEIGHT, | No. 2:15-cv-0209 TLN DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises claims of instructional error, insufficient evidence, ineffective assistance of counsel, and unconstitutional sentence. Before the court is respondent's motion to dismiss the petition. Respondent argues: (1) this court lacks jurisdiction over the petition because it does not challenge petitioner's current sentence; (2) petitioner's challenges to his prior sentence are moot; and (3) any challenges petitioner may have to his new sentence are not exhausted. For the reasons set forth below, this court recommends respondent's motion be granted in part and denied in part.

**BACKGROUND**

In 2010, petitioner was convicted of first degree residential burglary (count one), first degree robbery (count two), sexual penetration (count four), and sexual penetration in concert (count five). The jury also found true allegations that petitioner committed the sexual offenses

1

during a first degree burglary and that he tied or bound the victim in the commission of the sexual offenses, qualifying him for harsher punishment under California's "one strike law." Petitioner was sentenced to a determinate term of three years in prison on the robbery count plus a consecutive indeterminate term of 25 years to life on the sexual penetration count. Sentences of four years on the burglary count and 25 years to life on the sexual penetration in concert count were stayed. (Lodged Document ("LD") 1 at 894-95; LD 2 at 2, 10.[1])

Petitioner appealed. On August 30, 2013, the Court of Appeal for the Third Appellate District dismissed the conviction for sexual penetration (count four) and lifted the stay of execution of sentence on the conviction for sexual penetration in concert (count five). The court remanded to the trial court for resentencing on count five. (LD 2 at 3, 48.)

Petitioner filed a petition for review with the California Supreme Court. It was denied on December 18, 2013. (LD 3, 4.)

On June 27, 2014, a resentencing hearing was held. The superior court dismissed the jury verdict as to count four for sexual penetration and vacated the previously imposed sentence of 25 years to life for that conviction. The court then lifted the stay of execution of sentence on petitioner's count five conviction for sexual penetration in concert and sentenced him to an indeterminate term of 25 years to life on that count. (LD 5 at 6.)

Respondent contends that petitioner did not appeal or otherwise challenge the June 27, 2014 resentencing.

On January 26, 2015, petitioner filed the instant federal petition. Therein, he raises seven grounds for relief: (1) a jury instruction requiring corroboration of his own testimony denied his right to due process; (2) a jury instruction on aiding and abetting liability required an irrational permissive inference; (3) an instruction on sexual penetration in concert omitted or misdescribed the "in concert" element; (4) insufficient evidence supported his conviction for sexual penetration in concert; (5) insufficient evidence supported the findings of tying and binding; (6) his sentence of twenty-five years-to-life for the sexual offense was cruel and unusual under the

---

[1] Respondent lodged relevant portions of the state court record. (See ECF No. 17.)

Eighth Amendment since he was a juvenile offender; and (7) counsel represented him ineffectively at trial by failing to (a) object to the corroboration instruction; (b) object to the in concert misinstruction; (c) object to his punishment as cruel and unusual; and (d) request lesser included offense instructions to sexual penetration.  (Pet. (ECF No. 1) at 6-12D.)

**MOTION TO DISMISS**

Respondent argues that because petitioner is currently in custody under the sentence imposed in 2014 and does not specifically list that sentence in his petition, the court lacks jurisdiction over the petition unless petitioner amends it to make the 2014 sentence the basis for his habeas petition.  Respondent further argues that petitioner's challenges to the 2010 sentence should be dismissed as moot.  Finally, respondent contends that any challenges petitioner has to his 2014 sentence are unexhausted.

**I.     Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**II.    Analysis**

**A.  Does this Court have Jurisdiction over the Petition?**

Respondent's first argument is that petitioner must amend his petition to include the fact he is presently in custody under the sentence imposed in 2014.  Absent that fact, respondent continues,

1  this court does not have jurisdiction over the petition because petitioner is not challenging the
2  judgement under which he is currently in custody.

3  Under 28 U.S.C. § 2254(a), the federal court "shall entertain an application for a writ of
4  habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on
5  the ground that he is in custody in violation of the Constitution or laws or treaties of the United
6  States." This custody requirement of the habeas statute "is designed to preserve the writ of
7  habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal
8  Court, 411 U.S. 345, 351 (1973); Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

9  Respondent cites no case law requiring a petitioner to specify the date of his current sentence
10 in his habeas petition. Some of petitioner's claims challenge his 2010 conviction, which is the
11 basis for the 2014 sentence. Under the cases cited by respondent, the federal court has
12 jurisdiction so long as the petitioner is "under the conviction or sentence under attack at the time
13 his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (emphasis
14 added); Resendiz v. Kovensky, 416 F.3d 952, 955 (9th Cir. 2005). Petitioner is certainly
15 incarcerated under the conviction under attack – his 2010 conviction.

16 Respondent relies in part here on the United States Supreme Court's statement that the
17 "sentence is the judgment." See Burton v. Stewart, 549 U.S. 147, 155-57 (2007). Burton is not
18 controlling. The Court in Burton considered a situation in which a petitioner first filed a habeas
19 petition challenging only his conviction and later filed a second habeas petition challenging only
20 the sentence he received on re-sentencing. The issue was whether the second petition was a
21 "second or successive" petition. The issue in the present case is whether petitioner may bring
22 claims based on his conviction without specifying that he is incarcerated under a new sentence.
23 While that issue was not before the Court in Burton, the Court specifically noted that the federal
24 court did have jurisdiction to consider petitioner's first petition even though his judgment on the
25 re-sentencing claims was not then final. Id. at 157. Contrary to respondent's argument, Burton
26 supports a conclusion that this court has jurisdiction over petitioner's conviction-based claims.

27 Finally, the court notes that petitioner did, in fact, mention his 2014 resentencing in his
28 petition. In response to the question asking whether petitioner had filed his petition on time,

4

1   petitioner stated that his judgment was not final until he was resentenced on June 27, 2014.   (Pet.
2   at 14 (ECF No. 1 at 18)).)  This court is required to construe pro se filings liberally.  Haines v.
3   Kerner, 404 U.S. 519, 520 (1972); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).
4   Therefore, even if petitioner was required to specify in his petition that he was resentenced in
5   2014, this court finds that he has sufficiently done so.

6             **B.   Are Petitioner's Claims Based on his 2010 Sentence Moot?**

7       Respondent's second argument is that petitioner's sentence-based claims are moot
8   because they attack his October 2010 sentence, which is no longer the sentence he is serving.  The
9   court agrees that any claims raised regarding petitioner's 2010 sentence for sexual penetration are
10  moot and should be dismissed.  See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (A
11  case is moot when the parties lack a legally cognizable interest in the outcome.)  However, the
12  court does not agree with respondent's identification of those claims.

13      Petitioner raises two sentence-based claims. In the first, claim 6, petitioner argues that his
14  25-year to life sentence amounts to cruel and unusual punishment.  Petitioner does not specify
15  whether he is challenging that sentence as imposed in 2010 or 2014.  Petitioner noted his 2014
16  resentencing in his petition and makes an Eighth Amendment claim that fully applies to the 25-
17  year-to-life sentence he received in 2014 because it was identical to the sentence he received in
18  2010.  Construing the petition liberally, this court finds petitioner has adequately raised a claim
19  challenging his 2014 sentence on the sexual penetration in concert count.

20      Petitioner's second sentence-based claim is that counsel was ineffective for failing to raise
21  the Eighth Amendment challenge to his sentence.  Petitioner's trial attorney did raise that
22  challenge when petitioner was resentenced in 2014.  (See LD 5 at 2.)  Accordingly, it is clear that
23  this ineffective assistance of counsel claim is based on petitioner's 2010 sentence and it should be
24  dismissed as moot.

25            **C.   Is Petitioner's Eighth Amendment Claim Exhausted?**

26      Respondent argues that any claims petitioner may have regarding his 2014 sentence are
27  unexhausted.  Petitioner does not dispute that fact and the court's own research does not reveal
28

5

any appeal of petitioner's 2014 sentence.[2]

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts...or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

The exhaustion requirement may be excused when exhaustion would be futile. See Lynce

---

[2] The docket of the Court of Appeal for the Third Appellate District is available online at http://appellatecases.courtinfo.ca.gov. On a motion to dismiss, this court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

v. Mathis, 519 U.S. 433, 436 n. 4 (1997) (if state court has already ruled on the identical issue, exhaustion is excused because it would be futile); LaGrand v. Stewart, 173 F.3d 1144, 1147-48 (9th Cir. 1999).

In the present case, petitioner has, in fact, exhausted his claim because the California Court of Appeal ruled on it.  In his appeal, petitioner claimed the 25-year-to-life sentence imposed violated the Eighth Amendment.  As noted above, the trial court imposed that sentence on count four, sexual penetration, and also imposed that sentence on count five, sexual penetration in concert.  The Court of Appeal dismissed count four.  It also found petitioner had waived his Eighth Amendment claim by failing to object in the trial court.  However, the Court of Appeal went on to consider the Eighth Amendment claim for two reasons.  First, because it was relevant to the prejudice component of petitioner's ineffective assistance of counsel claim.  Second, because it had also been imposed on count five, the surviving sexual penetration count.  (LD 2 at 37-38.)  The Court of Appeal held that petitioner's 25-year-to-life sentence on count five did not violate the Eighth Amendment.  (LD 2 at 44-46.)   Petitioner then unsuccessfully sought review of his Eighth Amendment claim in the California Supreme Court.

Even if the Court of Appeal ruling does not technically qualify as exhaustion, petitioner should be excused from exhausting his Eighth Amendment claim because raising it in state court would be futile. The undersigned recognizes that the futility exception has been narrowly applied, see Taylor v. King, No. CV 12-8764-CJC (SP), 2012 WL 7145708, at *2 (C.D. Cal. Dec. 10, 2012) (citing Engle v. Isaac, 456 U.S. 107, 130 (1982)), and that some courts question its continued viability, see Bray v. Belleque, No. 6:03-cv-1762-TC, 2012 WL 1409328, at *3 (D. Or. Apr. 19, 2012).  However, the present case is unusual.  This is not a situation, such as the one considered in Lynce, where exhaustion was futile because the state court had addressed the same issue in another case.  Rather, here, exhaustion is futile because the state court has already addressed the same issue in the same case.

## CONCLUSION

The undersigned finds respondent has failed to show petitioner must amend his complaint to identify his 2014 judgment on resentencing in order for this court to have jurisdiction over the

petition. The undersigned further finds that petitioner's ineffective assistance of counsel claim for failure to raise an Eighth Amendment challenge to the sentence is moot and should be dismissed. Finally, the undersigned finds that petitioner should be considered to have exhausted his claim 6 challenge to the imposition of a 25-to-life sentence on count five or, in the alternative, petitioner should be excused from exhausting claim 6 because to do so would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 16) be granted in part and denied in part as follows:

1. Respondent's motion to dismiss the petition based on lack of jurisdiction be denied;

2. Respondent's motion to dismiss petitioner's claims regarding his 2010 sentence be granted and the court dismiss the allegations in claim 7 that petitioner's trial counsel was ineffective for failing to object to the 25-year to life sentence on the grounds that it violates the Eighth Amendment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 6, 2017

DLB:9
DLB1/prisoner-habeas/spei0290.mtd

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8